## THE STEAM DREDGE NO. 1.

### MORRIS & CUMMINGS DREDGING CO. v. NELSON.

(District Court, D. Maine. October 20, 1903.)

1. ADMIRALTY—DIVISION OF DAMAGES—CONTRIBUTORY FAULT.

The admiralty rule of dividing damages when they arose from the concurrent fault of both parties does not apply in an action for personal injuries, where, although libelant had placed himself in a position of some danger on board a dredge, where he was performing his duty as a government inspector, his injury resulted from the subsequent negligence of those operating the dredge, of which libelant had no knowledge, and which he had no reason to anticipate. In such case the injury was not due to libelant's fault, but to that of the dredge, which was its proximate cause.

In Admiralty. On petition for rehearing.
For former opinion, see 122 Fed. 679.

HALE, District Judge. The court has fully considered the claimant's petition for a rehearing of this cause, and the very able and exhaustive arguments of counsel. It has carefully studied the cases cited and all the authorities that can be found on the subject to which the petition relates. The learned counsel for claimant earnestly insists that on the facts found the damages should have been divided; but the court, after a further and very careful examination of the whole case, is still of the opinion that the injury was due to the fault of the dredge and those in charge of it, and was not due to any fault of the libelant concurring with that of the crew of the dredge. The reasons for this decision have been already fully stated. The court is of the opinion that the admiralty rule of dividing damages when those damages are the concurrent fault of both parties does not apply to this cause, as the court has already found that the libelant's injury was not the result of his fault.

The petition for rehearing is denied. A final decree in accordance with this view may be filed and entered forthwith.